| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

THOMAS F. BONNER, §
§
    Plaintiff, §
§
versus § CIVIL ACTION NO. 1:09-CV-214
§
KENT DICKERSON, *et al.*, §
§
    Defendants. §

## MEMORANDUM OPINION AND ORDER

Plaintiff Thomas F. Bonner, an inmate confined at the Stiles Unit, proceeding *pro se*, brought this lawsuit pursuant to 42 U.S.C. § 1983 against Kent Dickerson, Dr. Reyes, Lana C. Burnett, Dr. Roy Ried, and the UTMB Administrator.

### Discussion

A final judgment was entered on July 21, 2009, dismissing the above-styled action. Plaintiff has filed a motion to alter or amend judgment. This memorandum considers such motion.

### Analysis

FED. R. CIV. P. 59 provides in pertinent part the following:

(a)(1) *Grounds for New Trial.* The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows:

  (A)    after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or

  (B)    after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

(2) *Further Action After a Nonjury Trial.* After a nonjury trial the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

(e) Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment.

After careful consideration of plaintiff's motion, the court is of the opinion that plaintiff's motion fails to set forth a meritorious ground warranting relief from the judgment.

Title 28 U.S.C. § 1914 requires the parties initiating a civil action to pay a filing fee of $350. Section 1915 authorizes the commencement, prosecution or defense of any suit, action or proceeding without prepayment of fees in certain instances. *See* 28 U.S.C. § 1915(e). Title 28 U.S.C. § 1915(g), however, bars prisoners from proceeding without prepayment of the filing fee if the prisoner has, on three or more prior occasions, while incarcerated or detained, brought an action or appeal that was dismissed as frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. A prisoner barred by 1915(g) is not prevented from filing civil actions, the prisoner "still has the right to file suits if he pays the full filing fees in advance, just like everyone else." *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997).

In this action, plaintiff did not prepay the filing fee, as required. In his motion to alter or amend judgment, plaintiff asserts that the clerk of court did not provide to him information necessary to pay for the filing fee from his inmate trust fund account. However, the Texas Department of Criminal Justice has established procedures pertaining to records release information and payment authorization for prisoner litigation. *See Morrow v. Collins*, 111 F.3d 374, 375-76 (5th Cir. 1997). Moreover, the notice to inmates was reprinted as an appendix in order to inform the bench, bar, and public of these procedures. *Id*.

Additionally, plaintiff asserts he should be allowed to file *in forma pauperis* and proceed with this action. However, in his objections to the report, plaintiff asserted he was not proceeding *in forma pauperis*. Further, as previously determined in this action, plaintiff is barred from proceeding *in forma pauperis* because, prior to filing this lawsuit, he has brought three actions that were dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). While plaintiff argues that the two *Glover* cases were only one case, a review of the dockets reveals that there were two separate cases filed with two separate judgments entered. Thus, plaintiff's argument is without merit. Moreover, plaintiff has not

alleged sufficient specific facts demonstrating he was in imminent danger of serious physical injury at the time the complaint was filed. *See Banos v. O'Guinn*, 144 F.3d 883, 885 (5th Cir. 1998).

### ORDER

For the reasons set forth above, plaintiff's motion to alter or amend judgment should be denied. It is therefore,

**ORDERED** that plaintiff's motion to alter or amend judgment is **DENIED**. Should plaintiff wish to reinstate the above-styled action, he is instructed to pay the $350 filing fee to the clerk of the district court within fifteen (15) days.

SIGNED at Beaumont, Texas, this 25th day of August, 2009.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE